# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAFIGHEH KOUBLANI, <br><br> Plaintiff, <br><br> v. <br><br> COCHLEAR LIMITED and COCHLEAR AMERICAS <br><br> Defendants. | Civil Action No. 20-cv-1741 |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK:

Please take notice that Cochlear Americas Corporation ("CAM"), by its attorneys, pursuant to 28 U.S.C. § 1332, 1441(a) and 1446, hereby removes this action from the Supreme Court of the State of New York, Nassau County, to the United States District Court for the Eastern District of New York, and as grounds for removal states as follows:

### I. Notice of Removal is Timely Filed

1. Plaintiff commenced this action on or about March 3, 2020, by filing a Complaint in the Supreme Court of the State of New York, Nassau County, entitled *Shafigheh Koublani v. Cochlear Limited and Cochlear Americas*, Index No. 603381/2020 (the "State Court Action").

2. A copy of the Summons and Complaint in the State Court Action was received by defendant CAM on March 10, 2020.

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty (30) days of CAM's receipt of the Summons and Complaint on March 10, 2020.

## II.  Removal is Proper Because this Court has Subject Matter Jurisdiction under 28 U.S.C. §§1332 and 1441

4. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between Plaintiff and Defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### A. Diversity of Citizenship

5. According to the Complaint, Plaintiff is a citizen of New York.

6. CAM is, and was as of the commencement of the State Court Action, a Delaware corporation with its principal place of business in Centennial, Colorado.

7. Defendant Cochlear Limited ("CLTD") is, and was as of the commencement of the State Court Action, an Australian company with a principal place of business in New South Wales, Australia. To the extent its consent is required, CLTD consents to this removal by CAM.[1]

8. Because Plaintiff is a citizen of New York and neither CAM, nor CLTD, is a citizen of New York, complete diversity of citizenship exists between Plaintiff and Defendants, satisfying the requirements of 28 U.S.C. § 1332.

### B. The Amount in Controversy is Met

9. Where, as here, a complaint seeks a money judgment but does not specify the amount sought pursuant to state practice, removal is proper if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B). If the pleadings alone are inconclusive as to the amount in controversy, the

---

[1] CLTD maintains that it has not yet been properly served with process and that its consent to removal therefore is not required. Nevertheless, without waiving its objections to insufficient service of process, improper venue and lack of personal jurisdiction, CLTD joins in this removal to the extent it is deemed necessary.

Court may look outside the pleadings to other evidence in the record. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

10. Though Plaintiffs' Complaint does not specify the amount of money damages sought pursuant to N.Y. C.P.L.R. § 3017(c), the face of the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs. While CAM does not admit to the allegations contained in Plaintiffs' complaint, and in fact believes it has strong legal and factual defenses to Plaintiffs' claims, the Complaint alleges that Plaintiff was "caused to undergo surgery and sustain severe painful injuries which are permanent in nature," and that Plaintiff brings the action for "conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and specific, in an amount that exceeds the jurisdictional limits of all lower courts . . ." (*See* Exhibit A at ¶¶ 20, 22).

11. The amount-in-controversy requirement has been deemed to have been met in cases involving similar allegations of injury, particularly where, as here, a plaintiff seeks damages for future medical care and future pain and suffering. *See*, *e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008); *Nickel v. Nike, Inc.*, No. 11 Civ. 4495(PKC), 2011 WL 4343852, at *1-3 (S.D.N.Y. Aug. 18, 2011); *Juarbe v. Kmart Corp.*, No. 05 Civ. 1138(TPGTS), 2005 WL 1994010, at *2 (S.D.N.Y. Apr. 17, 2005) (finding the amount-in-controversy requirement satisfied despite the absence of a specific monetary demand where plaintiff alleged serious personal injuries for which plaintiff had incurred and would continue to incur hospital and medical expenses).

12. Accordingly, the jurisdictional amount-in-controversy requirement is satisfied.

### III. Conformance with Procedural Requirements

13. For the foregoing reasons, this Court has jurisdiction. The United States District Court for the Eastern District of New York is the federal judicial district encompassing the Supreme Court of New York, Nassau County, where this suit was originally filed. Venue therefore is proper in this district pursuant to U.S.C. § 1441(a).

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and other papers received by CAM at the time of service are attached hereto as Exhibit A.

15. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, Nassau County.

16. CAM will serve this Notice of Removal on the attorneys for Plaintiffs, Goidel & Siegel, LLP, 56 West 45th Street, 3rd Fl., New York, New York 10036.

17. By filing this Notice of Removal, CAM does not waive any defense which may be available to it. CAM respectfully reserves the right to amend or supplement this Notice of Removal. CAM also respectfully reserves the right to submit evidence supporting this Notice of Removal should Plaintiffs move to remand this action to state court.

WHEREFORE, Defendant CAM respectfully gives notice that this action has been removed from the Supreme Court of New York, Nassau County to the United States District Court for the Eastern District of New York.

Respectfully submitted,

By:   /s/ David . J. Baron
David J. Baron
390 Madison Avenue
New York, NY 10017
Phone: (212) 918-3000
Fax: (212) 918-3100
david.baron@hoganlovells.com

Lauren S. Colton
100 International Drive, Suite 2000
Baltimore, Maryland 21202
Tel: (410) 659-2700
Fax: (410) 659-2701
lauren.colton@hoganlovells.com

*Attorneys for Defendant Cochlear Americas Corporation*