SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

SHAFIGHEH KOUBLANI,

                          Plaintiff,

      -against-

COCHLEAR LIMITED and COCHLEAR AMERICAS,

                        Defendants.

-------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff designates New York County as the place of trial
The basis of venue is Plaintiff's Residence
Plaintiff resides at 53 Coolidge Street, Roslyn, New York

To the above-named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer, or, if the complaint is not served with this summons, to serve notice of appearance, on the Plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 3, 2020

                                      GONDEL & SIEGEL LLP

                                      By: _____
                                      Farimah S. Ghaffari
                                      Attorneys for Plaintiff
                                      56 West 45th Street, 3rd Floor
                                      New York, New York 10036
                                      (212) 840-3737

**Defendants' Addresses**:
COCHLEAR LIMITED, 13059 E. Peakview Avenue, Centennial, Colorado 80111
COCHLEAR AMERICAS, 13059 E. Peakview Avenue, Centennial, Colorado 80111

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

1 of 8

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
SHAFIGHEH KOUBLANI,

                Plaintiff,

   -against-

COCHLEAR LIMITED and COCHLEAR AMERICAS,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

      Plaintiff, by her attorneys GOIDEL & SIEGEL, LLP, complaining of the defendants COCHLEAR LIMITED and COCHLEAR AMERICAS (hereinafter collectively referred to as the "Defendants"), alleges as follows:

### AS AND FOR FIRST CAUSE OF ACTION
### NEGLIGENCE

1.    The cause of action herein alleged arose in the State of New York, City and County of New York.

2.    This action falls within one or more of the exemptions set forth in CPLR Sect. 1602.

3.    At all times hereinafter mentioned, the defendant, COCHLEAR LIMITED, was a foreign corporation duly authorized to do business in the State of New York.

4.    At all times hereinafter mentioned, the defendant, COCHLEAR LIMITED, was a partnership duly authorized to do business in the State of New York.

5.    At all times hereinafter mentioned, the defendant, COCHLEAR LIMITED, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and derived substantial revenue from interstate or international commerce.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

6. At all times hereinafter mentioned, the defendant, COCHLEAR AMERICAS, was a foreign corporation duly authorized to do business in the State of New York.

7. At all times hereinafter mentioned, the defendant, COCHLEAR AMERICAS, was a partnership duly authorized to do business in the State of New York.

8. At all times hereinafter mentioned, the defendant, COCHLEAR AMERICAS, transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and derived substantial revenue from interstate or international commerce.

9. On or prior to February 14, 2018, Defendants were in the business of manufacturing, fabricating, assembling and/or designing the Cochlear Nucleus CI522 ("Nucleus") intended to provide a sense of sound to people who are either deaf or hard of hearing.

10. On or prior to February 14, 2018, Defendants were in the business of manufacturing, fabricating, assembling and/or designing the Implant Bandage and Splint Kit, including instruction for its use ("MRI Kit") intended to provide the Nucleus recipients access to MRI without removing the implant magnet.

11. On or prior to February 14, 2018, Defendants placed their products for sale in the stream on interstate commerce.

12. At all times herein mentioned, Defendants advertised and represented that the MRI Kit was safe and fit for its intended use and purpose.

13. On or about March 14, 2017, Plaintiff SHAFIGHEH KOUBLANI underwent surgery for implantation of Nucleus.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

14. On or about February 14, 2018, Plaintiff underwent an MRI procedure.

15. On or about February 14, 2018, the MRI Kit was applied to Plaintiff to perform the MRI procedure.

16. On or about February 14, 2018, the MRI Kit did not function as represented by Defendants.

17. Following the February 14, 2018 MRI procedure and receipt of Plaintiff's report to Defendants of the failure to properly and safely function, Defendants by their agents, servants or employees confirmed that the said MRI Kit was not fit for its intended use and purpose.

18. Following the February 14, 2018 incident, Defendants, by their agents, servants or employees declared the discontinuation of the MRI Kit.

19. As a direct and proximate result of the use of the MRI Kit, Plaintiff's implant magnet dislodged and required a revision surgery including device explantation and reimplantation on April 17, 2018.

20. As a result of Defendants' negligence as aforesaid, Plaintiff was caused to undergo surgery and sustain severe painful personal injuries which are permanent in nature.

21. The injuries and damages sustained by Plaintiff were caused at least in part by the negligence, carelessness, and recklessness of Defendants without any contributory negligence on the part of Plaintiff.

22. By reason of the above, Plaintiff brings this action for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

4 of 8

## AS AND FOR A SECOND CAUSE OF ACTION:
### STRICT PRODUCT LIABILITY

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "22" inclusive, with the same force and effect as if hereinafter set forth at length.

24. At all times herein mentioned, and at the time of the design, manufacture, distribution, implantation, sale, and/or use of the MRI Kit to Plaintiff, the MRI Kit was not reasonably safe and fit for the purposes intended nor for reasonably foreseeable purposes and uses.

25. At all times herein mentioned, and at the time of the design, manufacture, distribution, implantation, sale, and/or use of the MRI Kit, it was not fit for the purpose intended.

26. At all times herein mentioned, and at the time of the design, fabrication, manufacture, distribution and/or sale of the MRI Kit, it failed to meet design-control and manufacturing requirements to ensure that the device conform to defined use, needs, intended purpose and uses.

27. At all times herein mentioned, the MRI Kit failed to be accompanied by proper and sufficient instructions, directions and/or warnings concerning the use, the dangers and hazards attendant thereto; one or more of which were substantial factor or a proximate cause of the aforesaid injuries to the Plaintiff.

28. On or about February 14, 2018, the MRI Kit was used for its intended purpose.

29. The Defendants are liable to Plaintiff under the doctrine of "Strict Products Liability".

30. That by reason of the aforesaid, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
NYSCEF DOC. NO. 1

INDEX NO. UNASSIGNED
RECEIVED NYSCEF: 03/03/2020

## AS AND FOR A THIRD CAUSE OF ACTION: NEGLIGENT DESIGN AND/OR MAINTENACE

31. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "30" inclusive, with the same force and effect as if hereinafter set forth at length.

32. Defendants designed, manufactured and maintained the MRI Kit that was defective. Accordingly, Defendants owed a duty to Plaintiff that the MRI Kit was designed in such a way that made the device safe and appropriate for its intended purpose.

33. Defendants knew or should have known when designing and/or manufacturing and/or testing the aforesaid device that it was defectively designed, creating an unreasonable risk of injury to Plaintiff.

34. Defendants were negligent in failing to properly design, manufacture, test and communicate the defect to the Plaintiff, creating a clear and immediate risk of injury.

35. As a direct and proximate result the Plaintiff was caused to sustain serious personal injury.

36. By reason of the aforesaid, the Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

## AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF WARRANTY

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "36" inclusive, with the same force and effect as if hereinafter set forth at length.

38. At all times hereinafter mentioned, upon the sale of the MRI Kit, Defendants warranted that said MRI Kit was safe, merchantable, suitable and fit for the purpose which it was intended.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

39. Contrary to the aforesaid warranties and in breach thereof are violations thereof in that the aforesaid MRI Kit was unsafe, not merchantable, unsuitable and unfit for its intended purpose due to defects in its design, manufacture and/or construction, causing injury to Plaintiff.

40. By reason of the aforesaid, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all courts lower than the Supreme Court.

**WHEREFORE**, Plaintiff demands judgment against Defendants on each cause of action in an amount that exceeds the Jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of same allowed by law.

Dated: New York, New York
March 3, 2020

Farimah S. Ghaffari
GOIDEL & SIEGEL, LLP
*Attorneys for Plaintiff*
56 West 45th Street
3rd FLOOR

New York, New York 10036
(212) 840-3737

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.

CAUTION: THIS DOCUMENT HAS NOT YET BEEN REVIEWED BY THE COUNTY CLERK. (See below.)
INDEX NO. UNASSIGNED
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/03/2020

## ATTORNEY'S VERIFICATION

FARIMAH S. GHAFFARI, an attorney admitted to practice law before the Courts of the State of New York, and associated with the firm of GOIDEL & SIEGEL, LLP, attorneys for the Plaintiff, affirms the following:

That I have read the foregoing **COMPLAINT** and know the contents thereof, that the same is true to my own knowledge except as to those matters which are stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true.

That the information contained therein was obtained based upon a review of Plaintiff's legal case file.

That the reason this affirmation is made by your affiant and not by the Plaintiff is because the Plaintiff does not reside within New York County, where GOIDEL & SIEGEL, LLP, maintains its office.

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: New York, New York
March 3, 2020

_____
Farimah S. Ghaffari, Esq.

This is a copy of a pleading filed electronically pursuant to New York State court rules (22 NYCRR §202.5-b(d)(3)(i)) which, at the time of its printout from the court system's electronic website, had not yet been reviewed and approved by the County Clerk. Because court rules (22 NYCRR §202.5[d]) authorize the County Clerk to reject filings for various reasons, readers should be aware that documents bearing this legend may not have been accepted for filing by the County Clerk.