# EXHIBIT C

FILED: NASSAU COUNTY CLERK 07/23/2018 01:19 PM    INDEX NO. 609756/2018
NYSCEF DOC. NO. 1                                  RECEIVED NYSCEF: 07/23/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
SHAFIGHEH KOUBLANI,

                        Plaintiff,

    -against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

                        Defendants.
-------------------------------------------------------------------X

Index No:
Date Purchased:
Plaintiff designates
Nassau County as the
Place of Trial

**SUMMONS**

Plaintiff resides at:
53 Coolidge Street
Roslyn, New York 11577

To the above named Defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this Summons, to serve a notice of appearance, in the Plaintiff's Attorney(s) within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and if you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
           July 23, 2018

GOIDEL & SIEGEL, LLP
By: _____
Farimah S. Ghaffari
Attorneys for Plaintiff
56 West 45th Street, 3rd Floor
New York, New York 10036
(212) 840-3737

**Defendants' Addresses**:
JOHN DOE, M.D., C/O Northshore University Hospital, 300 Community Drive, Manhasset, New York 11030

North Shore University Hospital, 300 Community Drive, Manhasset, New York 11030

North Well Health, Inc., 2000 Marcus Avenue, New Hyde Park, New York 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
SHAFIGHEH KOUBLANI,

Index No:

**VERIFIED COMPLAINT**

Plaintiff,

-against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

Defendants.
-------------------------------------------------------------------X

Plaintiff, SHAFIGHEH KOUBLANI, by her attorneys GOIDEL & SIEGEL, LLP, complaining of the defendants herein, alleges as follows:

**THE PARTIES**

1. At all times herein mentioned, SHAFIGHEH KOUBLANI (hereinafter referred to as the "Plaintiff") was and still is a resident of the State of New York, County of Nassau.

2. That at all times herein mentioned, defendant NORTH SHORE UNIVERSITY HOSPITAL owned, operated, controlled, and managed a medical facility pursuant to the laws of the State of New York for the care of the sick, known as NORTHWELL HEALTH IMAGING CENTER AT SYOSSET (the "Facility") located at 100 Lafayette Drive, Syosset, New York 11791, where medical services were provided to patients, including the Plaintiff.

3. That at all times herein mentioned, defendant NORTH SHORE UNIVERSITY HOSPITAL held itself out to the public, and more particularly to Plaintiff, as utilizing and employing medical personnel possessing the proper degree of learning and skill, and it undertook the duty to use reasonable care and diligence in the treatment of Plaintiff.

4. That at all times herein mentioned, defendant NORTH SHORE UNIVERSITY HOSPITAL rendered services to Plaintiff in the nature of medical diagnosis and treatment.

5. That at all times herein mentioned, defendant NORTH SHORE UNIVERSITY HOSPITAL by and through its employees, personnel, physicians, assistants, and/or other agents rendered certain medical services to Plaintiff.

6. That at all times herein mentioned, defendant NORTHWELL HEALTH, INC. was a corporation duly licensed under the laws of the State of New York.

7. That at all times herein mentioned, defendant NORTH SHORE UNIVERSITY HOSPITAL was a member of the NORTHWELL HEALTH, INC. health system.

8. That at all times herein mentioned, defendant NORTHWELL HEALTH, INC. held itself out to the public, and more particularly to Plaintiff as utilizing and employing medical personnel possessing the proper degree of learning and skill, and it undertook to use reasonable care and diligence in the treatment of Plaintiff.

9. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was/were a physician(s) responsible for the care of Plaintiff while she was a patient at the Facility. The identities of these potential parties are currently unknown to Plaintiff and within the knowledge of the defendants.

10. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was an agent of defendants NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH, INC.

11. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was a physician with privileges with defendants NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH, INC.

12. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was a physician with privileges to treat and provide medical services to patients at the Facility.

13. That at all times herein mentioned, defendants JOHN/JANE DOE, M.D., NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH, INC. stood in such a relationship with each other as to make each liable for the acts and omissions of the other.

14. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was an employee of defendants NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH, INC.

15. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was an agent of defendants NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH, INC.

16. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. held himself/herself out to Plaintiff as a physician qualified to practice medicine.

17. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. managed the medical care of the Plaintiff.

18. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. maintained the medical care of the Plaintiff.

19. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. supervised the medical care of the Plaintiff.

20. That at all times herein mentioned, defendant JOHN/JANE DOE, M.D. was a physician duly licensed by the State of New York and held himself out to the general public, and in particular to Plaintiff, as a physician offering professional services and medical care and treatment.

### AS AND FOR A FIRST CAUSE OF ACTION: MEDICAL MALPRACTICE

21. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "20" inclusive, with the same force and effect as if hereinafter set forth at length.

22. On February 14, 2018, Plaintiff sought the professional care of Defendants for certain acute medical complaints from which Plaintiff was suffering, and these Defendants, their agents, servants and employees rendered medical care and diagnosis, treatment and services to Plaintiff.

23. The aforesaid medical, nursing care, treatments, and services were rendered carelessly, unskillfully, negligently, and not in accordance with accepted standards of medical, nursing care, treatment, and services in the community.

24. The Defendants, their agents, servants, partners and/or employees negligently and carelessly departed from good and accepted medical practices and procedures rendered for and on behalf of Plaintiff.

25. The said occurrence was due to the carelessness and professional negligence of the Defendants, their agents, servants, partners, and/or employees for failure to treat Plaintiff with the accepted and proper medical management and all without any fault or lack of care on the part of Plaintiff.

26. By reason of the above, Plaintiff sustained great pain, agony, injury, suffering, disability, hospitalization, as well as mental anguish and emotional distress.

27. By reason of the above, Plaintiff brings this action for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION:
### LACK OF INFORMED CONSENT

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "27" inclusive, with the same force and effect as if hereinafter set forth at length.

29. Defendants, their agents, servants and employees, failed to inform Plaintiff of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which Defendants failed to obtain an informed consent thereto.

30. Reasonably prudent persons in the Plaintiff's position would not have consented to the treatment rendered, in connection with Plaintiff's condition if they had been fully informed of the risks, hazards and alternatives connected with said procedures.

31. By reason of the above, Plaintiff brings this action for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION: <u>VICARIOUS LIABILITY</u>

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein above in paragraphs "1" through "31" inclusive, with the same force and effect as if hereinafter set forth at length.

33. Defendants, prior to the granting or renewing of privileges or employment of Defendants, fellows, residents, interns, and others involved in Plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said Defendants, fellows, residents, interns, and other employees including, but not limited to, obtaining the following information: patient grievances, negative health care, outcomes, incidents and injuries to patients, medical malpractice actions commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, any discontinuation of said association, employment privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or in any other state, the

substance of the allegations and such proceedings and any additional information concerning such proceedings and the findings of such proceedings, and failed to make sufficient inquiry of the doctors, and/or employees in institutions which should and did have information relative to the capacity, capability, ability and competence of said persons rendering treatment.

34. Had the Defendants made the above described inquiry or, in the alternative, had the Defendants reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

35. By reason of the Defendants' failure to meet the aforementioned obligation, Plaintiff was treated by doctors, and/or other employees who were lacking the requisite skills, abilities, competence and capacity, as a result of which Plaintiff sustained severe injuries and complications.

36. By reason of the above, Plaintiff brings this action for conscious pain and suffering, loss of enjoyment of life and for economic damages, both general and special, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff demands judgment against Defendants herein on the First Cause of Action; the Second Cause of Action; and the Third Cause of Action; in an amount that exceeds the Jurisdictional limitations of all lower courts that would otherwise have jurisdiction over this action, together with the interest, costs and disbursements of same allowed by law.

Dated: New York, New York
July 23, 2018

Farimah S. Ghaffari
GOIDEL & SIEGEL, LLP

*Attorneys for Plaintiff*
56 West 45th Street
3rd FLOOR

New York, New York 10036
(212) 840-3737

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------------------------X
SHAFIGHEH KOUBLANI,				Index No:

                                Plaintiff,		**CERTIFICATE OF MERIT**

   -against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

                               Defendants.
--------------------------------------------------------------X

       FARIMAH S. GHAFFARI, an attorney duly admitted to practice in the State of New York, respectfully shows:

1.    I am an associate of the firm of Goidel and Siegel, LLP, attorneys for the Plaintiff, SHAFIGHEH KOUBLANI.

2.    This is an action sounding in medical malpractice and negligence.

3.    My office has consulted with a physician, duly licensed to practice in the State of New York, who is knowledgeable regarding the relevant issues herein.

4.    On the basis of said consultation, I have concluded that there exists a reasonable basis for the commencement of this action.

5.    I state, under the penalties of perjury, that the statements herein made are true, except as to such statements as are based upon information and belief, which statements I believe to be true.

Dated: New York, New York
       July 23, 2018

                                                            Yours, etc.,

                                                            Farimah S. Ghaffari, Esq.

GOIDEL & SIEGEL, LLP
56 W. 45th Street, 3rd Floor
New York, New York 10036
(212) 840- 3737

## ATTORNEY'S VERIFICATION

FARIMAH S. GHAFFARI, an attorney admitted to practice law before the Courts of the State of New York, and associated with the firm of GOIDEL & SIEGEL, LLP, attorneys for the Plaintiff, affirms the following:

That I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof, that the same is true to my own knowledge except as to those matters which are stated therein to be alleged upon information and belief, and as to those matters, I believe them to be true.

That the information contained therein was obtained based upon a review of Plaintiff's legal case file.

That the reason this affirmation is made by your affiant and not by the Plaintiff is because the Plaintiff does not reside within New York County, where GOIDEL & SIEGEL, LLP, maintains its office.

The undersigned affirms that the foregoing statement is true under the penalties of perjury.

Dated: New York, New York
       July 23, 2018

_____
Farimah S. Ghaffari, Esq.