# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
SHAFIGHEH KOUBLANI,

          Plaintiff,

-against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

         Defendants.
---------------------------------------------------------------X

Index No: 609756/2018

**VERIFIED BILL OF PARTICULARS**

  SHAFIGHEH KOUBLANI (the "Plaintiff"), by her attorneys, GOIDEL & SIEGEL, LLP, as and for her response to defendants NORTH SHORE UNIVERSITY HOSPITAL and NORTHWELL HEALTH (the "Defendants") demand for a Verified Bill of Particulars, hereby alleges as follows:

1. The negligent acts and/or omissions of defendants occurred on February 14, 2018.

2. NorthWell Health Imaging at Syosset, 100 Lafayette Drive, Syosset, New York 11791.

3. At all times herein, Defendants, their agents, servants and/or employees, jointly and/or severally, were negligent and careless in the services rendered for and on behalf of the Plaintiff in that they neglected to use reasonable care in the services rendered to the Plaintiff, in failing to appreciate the nature and extent of Plaintiff's condition; in failing to take a proper history from Plaintiff; in negligently taking a history from Plaintiff; in having inadequate communication with Plaintiff's treating physicians; in failing to properly consult with Plaintiff's other treating doctors and providers regarding her condition; in failing to promptly obtain consultation; in failing to obtain necessary consult; in negligently performing a course of magnetic resonance imaging ("MRI") on the Plaintiff; in failing to follow the guidelines and manuals in performing the MRI

to ensure the safety of the Plaintiff; in attempting to perform MRI on the Plaintiff without having the requisite degree of knowledge, education and experience necessary to do so; in failing to provide their staff with proper equipment and tools; in failing to properly monitor the Plaintiff during the course of MRI; in negligently monitoring the Plaintiff during the course of MRI; in failing to follow the hospital policy; in negligently ignoring the hospital policy; in failing to train medical personnel regarding the hospital policy; in failing to properly document Plaintiff's medical records; in negligently and carelessly departing from accepted practice and services rendered to and on behalf of the Plaintiff; in negligently departing from good and accepted medical practices and procedures; in negligently departing from accepted standards of practice and care prevailing in the medical community; in depriving plaintiff of a better chance for recovery; in failing to hire competent and efficient staff; in negligently hiring an incompetent and insufficient staff; in negligently hiring, retaining, supervising, training and controlling staff members; and in violating those statutes, ordinances, rules and regulations of which this Court may properly take judicial notice of at the time of the trial of this action.

4. Not applicable.

5. Not applicable.

6. Plaintiff sustained the following injuries, all of which are believed to be permanent in nature:

- Internal displacement of the cochlear magnet requiring surgery;
- Contamination of the cochlear magnet requiring surgery;
- Soft tissue swelling in the area of the magnet;
- Hematoma of scalp;
- Vertigo;
- Dizziness;
- Disequilibrium;
- Mental anguish and distress; and
- Post-Traumatic Stress Disorder.

7. Plaintiff is not claiming an improper or defective equipment at this time. Plaintiff reserves the right to supplement and/or amend this response as additional information becomes available during the course of discovery.

8. Plaintiff objects to this demand, as beyond the scope of CPLR §3043. Plaintiff further objects to this demand on the grounds that the laws, rules, regulations and ordinances claimed to be applicable to the occurrence and to have been violated are a matter of public record and as such are readily ascertainable to Defendants. Plaintiff will request the Court to take judicial notice of the same.

9. Plaintiff was confined to bed and house for a period not less than two months following the subject occurrence. Plaintiff was admitted to New York Eye and Ear Infirmary of Mount Sinai on April 17, 2018 for a surgical procedure and was released the same day.

10. The total amounts claimed as special damages are as follows:

(a) Physicians services: $300,000.00;
(b) Nurses services: included in "a" above.
(c) Medical supplies: included in "a" above.
(d) Hospital expenses: included in "a" above.
(e) Loss of earnings: Plaintiff is not claiming loss earnings.
(f) Any other expenses: not known at this time.

Plaintiff reserves the right to supplement or amend the amounts claimed.

11. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

12. Plaintiff objects to this demand, as beyond the scope of CPLR §3043. Plaintiff further objects to this demand on the grounds that the demand is improper as Plaintiff is not claiming loss earnings.

13. Plaintiff objects to this demand, as beyond the scope of CPLR §3043. Notwithstanding said objection, Plaintiff responds as follows: Plaintiff was born in 1953.

14. Plaintiff objects to this demand, as beyond the scope of CPLR §3043. Notwithstanding said objection, Plaintiff responds as follows: Plaintiff resides at 53 Coolidge Street, Roslyn, New York.

15. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

16. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

17. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

18. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

19. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

20. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

21. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

22. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

23. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

24. Plaintiff objects to this demand, as beyond the scope of CPLR §3043.

PLEASE TAKE NOTICE that Plaintiff reserves the right to supplement and/or amend the foregoing responses as additional information becomes available.

Dated: New York, New York
October 10, 2018

Yours, etc.

Farimah S. Ghaffari, Esq.
GOIDEL & SIEGEL, LLP
*Attorneys for Plaintiff*
56 West 45th Street, 3rd Floor
New York, New York 10036
(212) 840-3737

TO:

    BARTLETT LLP
*Attorneys for Defendants*
*North Shore University Hospital and*
*Northwell Health, Inc.*
170 Old Country Road
Mineola, New York 11501
Tel.: (516) 877-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
---------------------------------------------------------------X
SHAFIGHEH KOUBLANI,                            Index No: 609756/2018

                                               **RESPONSE TO**
                                               **COMBINED DEMANDS**
                       Plaintiff,

        -against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

                       Defendants.
---------------------------------------------------------------X

     Plaintiff, by her attorneys, Goidel & Siegel, LLP, as and for her response to Defendants' combined discovery demands, provides the following:

     1.    Names of Attorneys

     2.    Expert Witness: The identity of the plaintiff's expert is not discoverable pursuant to CPLR 3101(d). Plaintiff has not yet retained any expert in this action. The information required to be disclosed pursuant to CPLR § 3101(d) will be provided to Defendants.

     3.    Collateral Source Information: Plaintiff's medical treatment expenses were paid by Fidelis Care, Member ID No.: 743989601. A duly executed HIPAA authorization allowing Defendants to obtain the collateral source records is annexed hereto. Plaintiff objects to the remaining of this demand on the grounds that it is improper, overbroad, vague, and unduly burdensome. Plaintiff further objects on the grounds that the demand calls for production of attorney work product and is beyond the proper scope of discovery.

     4.    Documents and Staments made by Defendants in the Possession of Plaintiff: Plaintiff presently does not possess any statements made by the Defendants, their agents, servants, and/or employees, regarding this occurrence, but reserves the right to serve same, should it become

available, at a future date.

5. <u>Witnesses</u>: Mohsen Saghafi and those physicians and staff members of Defendants who were present at the time of the occurrence. Plaintiff reserves the right to supplement and/or amend this response as additional information becomes available.

6. <u>Medical Information and Reports</u>: Authorizations to obtain Plaintiff's medical records are annexed hereto. Plaintiff objects to the remaining of this demand on the grounds that it is improper, overbroad, vague, and unduly burdensome. Plaintiff further objects on the grounds that the demand calls for production of attorney work product and is beyond the proper scope of discovery.

7. <u>Photographs and/or Movies</u>: Plaintiff is not in possession of any photographs. Plaintiff reserves the right to supplement and/or amend this response as additional information becomes available.

8. <u>Employment Records and Income Tax Returns:</u> Plaintiff objects to this demand on the grounds that it is improper, overbroad, vague, and unduly burdensome as Plaintiff is not claiming any loss earnings.

9. <u>Relief Demanded</u>: $2,000,000.00. Plaintiff reserves the right to supplement and/or amend this response as additional information becomes available.

10. <u>Economic Expert Information</u>: Plaintiff has not yet retained any expert in this action. When and if such expert witness is retained, the information required to be disclosed pursuant to CPLR § 3101(d) will be provided to Defendant.

11. <u>Disclosure of Medicare/Medicaid Information</u>: Plaintiff is a Medicaid recipient. Plaintiff objects to the remaining of this demand on the grounds that it is improper, overbroad, vague, and unduly burdensome. Plaintiff further objects on the grounds that the demand calls for

production of attorney work product and is beyond the proper scope of discovery.

12. <u>Foil Information</u>: None in possession.

13. <u>Demand for Social Media Information</u>: Plaintiff objects to this demand on the grounds that Defendants lack a good faith basis to obtain the records/information sought, as they are unable to establish that the records are material, necessary or even relevant to the prosecution or defense of this action, or that this demand is reasonably calculated to lead to the discovery of information bearing on the claims.

**PLEASE TAKE NOTICE** THAT PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT AND/OR AMEND THE FOREGOING RESPONSES.

Dated: New York, New York
October 10, 2018

Yours, etc.,

**GOIDEL & SIEGEL, LLP**

By: Farimah S. Ghaffari, Esq.
*Attorneys for Plaintiff*
56 West 45th Street, 3rd Floor
New York, New York 10036
(212) 840-3737

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Shafigheh Koublani    ID 743989601-00 | ▇▇ 1950 | ▇▇ |
| Patient Address | | |
| 3152 Brighton 6 Street, # 407, Brooklyn, NY 11235 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
   **Fidelis Care @ 95-25 Queens Blvd., Rego Park, NY 11374**

8. Name and address of person(s) or category of person to whom this information will be sent:
   **BARTLETT LLP @ 170 Old Country Road, Mineola, New York 11501**

9(a). Specific information to be released:
   ☐ Medical Record from (insert date) _____ to (insert date) _____
   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ☑ Other: **Collateral Source Records**
             **from 02/14/18 to Present**

   Include: (Indicate by Initialing)
   _SK_  Alcohol/Drug Treatment
   _SK_  Mental Health Information
   _SK_  HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
           Initials                          Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here:
   _____
   (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **Legal Matter** | 11. Date or event on which this authorization will expire:<br><br>**end of litigation** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_SH-Koublani_                                      Date: __10/09/18__
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

OCA Official Form No.: 960



# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Shafigheh Koublani | 1950 | |

| Patient Address |
|---|
| 3152 Brighton 6 Street, # 407, Brooklyn, NY 11235 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
   **Northwell Health/ Diagnostic Imaging Center @ 450 Lakeville Road, Lake Success, NY 11375**

8. Name and address of person(s) or category of person to whom this information will be sent:
   **BARTLETT LLP @ 170 Old Country Road, Mineola, New York 11501**

9(a). Specific information to be released:
   ☑ Medical Record from (insert date) **02/14/18** to (insert date) **PRESENT**
   ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ☐ Other: _____

   Include: (*Indicate by Initialing*)
   _SK_ Alcohol/Drug Treatment
   _SK_ Mental Health Information
   _SK_ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
         Initials                    Name of individual health care provider
   to discuss my health information with my attorney, or a governmental agency, listed here:
   _____
   (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **Legal Matter** | 11. Date or event on which this authorization will expire:<br><br>**end of litigation** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_SH-Koublani_                                    Date: __10/09/18__
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Shafigheh Koublani | ▇-1950 | ▇ |

| Patient Address |
|---|
| 3152 Brighton 6 Street, # 407, Brooklyn, NY 11235 |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

| 7. Name and address of health provider or entity to release this information: |
|---|
| Hertzel K. Sure, MD/ Sure Medical PC @ 94-25 60th Avenue, Elmhurst, NY 11373 |

| 8. Name and address of person(s) or category of person to whom this information will be sent: |
|---|
| BARTLETT LLP @ 170 Old Country Road, Mineola, New York 11501 |

9(a). Specific information to be released:
- ☒ Medical Record from (insert date) **02/14/18** to (insert date) **PRESENT**
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☐ Other: _____

Include: (*Indicate by Initialing*)
- __SK__ Alcohol/Drug Treatment
- __SK__ Mental Health Information
- __SK__ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
    Initials      Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☒ Other: Legal Matter | 11. Date or event on which this authorization will expire:<br>end of litigation |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

*SH-Koublani*          Date: __10/09/18__
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Shafigheh Koublani | ███ 1950 | ███ |
| Patient Address | | |
| 3152 Brighton 6 Street, # 407, Brooklyn, NY 11235 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
**The NY Eye & Ear Infirmary of Mount Sinai @ 310 East 14 Street, 6 floor, N.B., New York, NY 10003**

8. Name and address of person(s) or category of person to whom this information will be sent:
**BARTLETT LLP @ 170 Old Country Road, Mineola, New York 11501**

9(a). Specific information to be released:
☑ Medical Record from (insert date) **02/14/18** to (insert date) **PRESENT**
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☐ Other: _____

Include: (*Indicate by Initialing*)
__SK__ Alcohol/Drug Treatment
__SK__ Mental Health Information
__SK__ HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
  Initials       Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: **Legal Matter** | 11. Date or event on which this authorization will expire:<br>**end of litigation** |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_SH-Koublani_____     Date: __10/09/18__
Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-----------------------------------------------------------------X
SHAFIGHEH KOUBLANI,                                    Index No: 609756/2018

                                                                             **VERIFICATION**

                                  Plaintiff,

      -against-

JOHN DOE, M.D., NORTH SHORE
UNIVERSITY HOSPITAL, and
NORTHWELL HEALTH, INC.,

                                  Defendants.
-----------------------------------------------------------------X

        FARIMAH S. GHAFFARI, ESQ., an attorney duly admitted to practice law in the courts of the State of New York, affirms the following under the penalties of perjury:

1.     I am an associates of Goidel & Siegel, LLP, counsel for the Plaintiff, SHAFIGHEH KOUBLANI ("Plaintiff") herein.

2.     I have read the foregoing Bill of Particulars and Combined Demand Response and know the contents thereof, and that the same is true to my knowledge except as to those matters that I believe it to be true.

3.     The source of my information and the grounds of my belief as to all matters in the aforesaid Bill of Particulars are reports from physical file and from communication I had with Plaintiff.

4.     The reason why this verification is made by me and not by Plaintiff is that Plaintiff resides in a county other than where my office is located.

Dated: New York, New York
          October 10, 2018

                                                                               FARIMAH S. GHAFFARI, ESQ.

Index No. 609756 Year 2018
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

SHAFIGHEH KOUBLANI,

                                                                                 Plaintiff,

-against-

JOHN DOE, M.D., NORTH SHORE UNIVERSITY
HOSPITAL, and NORTHWELL HEALTH INC.,

                                                                                  Defendants.

VERIFIED BILL OF PARTICULARS AND RESPONSE TO COMBINED DEMANDS

**GOIDEL & SIEGEL, LLP**
Attorney(s) for   **PLAINTIFF**
Office and post Office Address, Telephone
**56 WEST 45th STREET
NEW YORK, NEW YORK 10036
(212) 840-3737
FAX: (212) 840-3793**

**To
Attorney(s) for**

**Service of copy of the within**                       **is hereby admitted.**
**Dated,**
         **Attorney(s) for**                                ..............................

**Sir: Please take notice**
☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on      19
☐ *NOTICE OF SETTLEMENT*
that an order               of which the within is s true copy will be presented for
settlement to the HON.                                  one of the judges

of the within named Court, at
on the       day of                  at        M.

Dated,
                                   Yours, etc.
                         **GOIDEL & SIEGEL, LLP**
                     Attorney(s) for
          Office and post Office Address, Telephone
                  **56 WEST 45th STREET**
**To**                     **NEW YORK, NEW YORK 10036**
                       **(212) 840-3737**
**Attorney(s) for**          **FAX: (212) 840-3793**